December 27, 1974.

M. P. No. 74-180. IN RE GERARD T. OUIMETTE. Petition filed in July 1974 seeking to extend the time in which an appeal can be taken from a Superior Court judgment denying and dismissing a petition for a writ of coram nobis. The coram nobis judgment was entered some two years earlier in July 1972. Supreme Court denied the instant petition on July 18, 1974. Denial caused petitioner to file an additional response wherein he insisted that he had filed a timely notice of appeal and that he was "simply requesting that the time be extended for filing a brief and transcript." This reply only added to the confusion that surrounds this petition. Consequently the petition was

.assigned for a hearing on December 2, 1974. Present at the hearing were the private counsel who had represented petitioner during the coram nobis litigation and a representative of the Attorney General. Their help in placing this matter in its true perspective is appreciated.

On February 24, 1972, a Superior Court jury returned a guilty verdict against petitioner after an extended trial that related to an indictment charging petitioner with consipiring to murder Michael Greene and Homer George Perkins. The petitioner's motion for a new trial was denied on May 31, 1972. Later, on July 10, 1972, he received a 10-year prison sentence which was to be served at the expiration of a sentence or sentences he was then serving. Subsequently, the 10-year sentence was modified so that it would run concurrently rather than consecutively with whatever sentences petitioner was then serving. On November 14, 1972, a judgment was entered embodying this modification. There is in the file of the conspiracy indictment a document which is described as a "notice of appeal" from "the judgment of Conviction and Commitment entered on November 14, 1972."

While petitioner spent the greater part of the summer of 1972 seeking a reduction or modification of his conspiracy sentence, he and another convicted conspirator, Ronald H. Sweet, Jr., had initiated the coram nobis proceedings. The thrust of their petition was an allegation that a prosecution witness in the conspiracy case had testified falsely and that the police were aware prior to trial that he would commit perjury. Sweet took an appeal from the denial of the coram nobis petition but petitioner did not. Sweet has abandoned the appeal.

It is obvious that at the time of the jury's verdict and the denial of the motion for a new trial, the vehicle to be used for an appeal in criminal proceedings was the filing of a notice to prosecute a bill of exceptions. General Laws 1956 (1969 Reenactment) §9-24-17. No such document was filed in the con-

spiracy case. While the General Assembly at its January 1972 session repealed §9-24-17, the repeal did not become effective until September 1, 1972. Public Laws 1972, ch. 169, §§11, 31. The notice of appeal filed on December 1, 1972 so far as it authorizes review of any alleged errors committed during the conspiracy trial including the denial of petitioner's motion for a new trial is a nullity. *Worthington* v. *Shewcov*, 89 R. I. 169, 152 A.2d 91 (1959).

It is also clear that the time for filing an appeal from the denial of the coram nobis petition has long since expired. There is absolutely nothing in this record that gives any reason for the lack of appellate efforts in that proceeding.

Accordingly, the original denial of this petition is affirmed. The denial, however, is without prejudice to petitioner's seeking a review of his conspiracy conviction upon a showing to us that we should issue one of the extraordinary writs. See *In re Caldarone*, 112 R. I. 937, 313 A.2d 666 (1974). *Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, for State of Rhode Island. *John F. Sheehan*, for petitioner.